UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**XAREN LOPEZ,** and all others similarly
situated under 29 U.S.C 216(b),

    Plaintiff,

v.

**VIDA MEDICAL NETWORK, LLC**,
a Florida Corporation,
**VIDA MEDICAL CENTERS OF MIAMI CORP.**
a Florida Corporation,
**SANDY LOPEZ**, individually,
**ENRIQUE LOPEZ**, individually.

    Defendants.
_____/

## COMPLAINT

Plaintiff, XAREN LOPEZ ("Xaren Lopez"), on behalf of herself, and others similarly situated, under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, VIDA MEDICAL NETWORK, LLC and VIDA MEDICAL CENTERS OF MIAMI CORP. (collectively "Vida"), SANDY LOPEZ ("Sandy Lopez") individually, and ENRIQUE LOPEZ ("Enrique Lopez") individually, and alleges, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Vida Medical Network, LLC, is, and was, a Florida company, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Vida Medical Centers of Miami Corp, is, and was, a Florida corporation, authorized to conduct and conducting business in Miami-Dade County.

4. At all material times, Sandy Lopez is *sui juris* and a resident of Miami-Dade County, Florida.

5. At all material times, Enrique Lopez, is *sui juris* and a resident of Miami-Dade County, Florida.

6. At all material times, Xaren Lopez is *sui juris* and a resident of Miami-Dade County, Florida.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

8. This is an action for unpaid overtime compensation and wrongful termination, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, § 207.

9. Upon information and belief, the annual gross revenue of Vida was at all times material hereto in excess of $500,000.00 per annum.

10. At all material times hereto, Vida was and continues to be an enterprise engaged in interstate commerce.

11. At all material times hereto, Vida operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and

accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

12.     As a result of the services provided by Vida, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

13.     By reason of the foregoing, Vida is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and Plaintiff is within interstate commerce.

14.     Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

15.     Upon information and belief, Sandy Lopez is the president/manager of Vida and has economic and day-to-day control of Vida, and of the nature and structure of Plaintiff's employment relationship with Vida and is therefore an employer as defined by 29 U.S.C., § 203(d).

16.     Upon information and belief, Enrique Lopez is the vice president of Vida and has economic and day-to-day control of Vida, and of the nature and structure of Plaintiff's employment relationship with Vida and is therefore an employer as defined by 29 U.S.C., § 203(d).

## GENERAL ALLEGATIONS

17.     Upon information and belief, Employer employed Plaintiff from approximately August 2015 through August 2018.

18. During Plaintiff's employment, she was employed as a non-exempt Receptionist/Medical Assistant, initially earning $9.50 per hour and eventually earning $11.50 per hour.

19. At all material times, Vida's gross annual revenues were in excess of $500,000.00.

20. Throughout her employment with Defendants, Plaintiff routinely worked in excess of forty (40) hours per week. Specifically, she worked Monday through Friday from 7:00 am to 6:00 pm, and once a month on Saturdays from 8:00 am to 1:00 pm.

21. Although Plaintiff actually worked from 7:00 am to 6:00 pm, Defendants forced her to sign a document stating that she only worked from 8:00 am to 5:00 pm.

22. Notwithstanding, Vida, Sandy Lopez, and Enrique Lopez willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours she worked over forty (40) hours.

23. Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

24. Plaintiff complained to Sandy Lopez about her unpaid overtime wages.

25. Subsequently, a week after the complaint, Defendants improperly and unlawfully retaliated against Plaintiff by terminating her employment, after she made a valid claim for her overtime compensation.

26. As a result, Plaintiff has suffered damages and is entitled to receive overtime wage compensation.

27. Plaintiff has complied with all conditions precedent to filing this action.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

29. On February 25, 2019, Plaintiff through her undersigned counsel, sent to Vida a written pre-suit demand regarding the violations of the overtime and retaliation provisions of the FLSA, and requesting Vida pay the amounts owed to Plaintiff, but Vida failed/refused to do so ("Demand").

**COUNT I**
**VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA**
**AGAINST VIDA**

30. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

31. This is an action against Vida for overtime compensation pursuant to 29 U.S.C. § 216(b).

32. Upon information and belief, Vida has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

33. Plaintiff routinely worked in excess of forty (40) hours per week for Vida.

34. Specifically, Plaintiff worked for Vida from Monday through Friday, eleven (11) hours per day, for a total of fifty-five (55) hours per week, with forty (40) regular hours and fifteen (15) overtime hours.

35. Plaintiff was a non-exempt hourly employee, entitled to be compensated at the rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

36. Vida knew or should have known that Plaintiff suffered or was permitted to work overtime for Vida as defined in 29 U.S.C. § 203(g).

5

37. Vida failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

38. At all material times, Vida knew or should have known that such refusal and/or failure is prohibited by the FLSA.

39. Notwithstanding, Vida intentionally and willfully violated the FLSA, as cited herein.

40. At all material times, Vida failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

41. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST SANDY LOPEZ

42. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

43. This is an action against Sandy Lopez for overtime compensation pursuant to 29 U.S.C. § 216(b).

44. Upon information and belief, Sandy Lopez has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

45. Plaintiff routinely worked in excess of forty (40) hours per week for Sandy Lopez.

46.     Specifically, Plaintiff worked for Sandy Lopez from Monday through Friday, eleven (11) hours per day, for a total of fifty-five (55) hours per week, with forty (40) regular hours and fifteen (15) overtime hours.

47.     Defendant, Sandy Lopez, had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

48.     Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

49.     Sandy Lopez knew or should have known that Plaintiff suffered or was permitted to work overtime for Vida as defined in 29 U.S.C. § 203(g).

50.     Sandy Lopez failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

51.     At all material times, Sandy Lopez knew or should have known that such refusal and/or failure is prohibited by the FLSA.

52.     Notwithstanding, Sandy Lopez intentionally and willfully violated the FLSA as cited herein.

53.     At all material times, Sandy Lopez failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

54.     As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

**COUNT III**
**VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA**
**AGAINST ENRIQUE LOPEZ**

55.     Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

56. This is an action against Enrique Lopez for overtime compensation pursuant to 29 U.S.C. § 216(b).

57. Upon information and belief, Enrique Lopez has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

58. Plaintiff routinely worked in excess of forty (40) hours per week for Enrique Lopez.

59. Specifically, Plaintiff worked for Enrique Lopez from Monday through Friday, eleven (11) hours per day, for a total of fifty-five (55) hours per week, with forty (40) regular hours and fifteen (15) overtime hours.

60. Defendant, Enrique Lopez, had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

61. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

62. Enrique Lopez knew or should have known that Plaintiff suffered or was permitted to work overtime for Vida as defined in 29 U.S.C. § 203(g).

63. Enrique Lopez failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

64. At all material times, Enrique Lopez knew or should have known that such refusal and/or failure is prohibited by the FLSA.

65. Notwithstanding, Enrique Lopez intentionally and willfully violated the FLSA as cited herein.

66. At all material times, Enrique Lopez failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

67. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## COUNT IV
## RETALIATION (FLSA)
## AGAINST VIDA

68. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

69. This is an action against Defendant Vida for retaliation based on Plaintiff's lawful opposition to Vida's unlawful employment practices, specifically retaliation in response to Plaintiff's valid claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

70. Vida unlawfully failed/refused to compensate Plaintiff for her overtime hours worked, in violation of 29 U.S.C. § 207(a).

71. As a result, Plaintiff demanded payment for her unpaid overtime wages.

72. Subsequently, in or around August 2018, Defendant unlawfully terminated Plaintiff's employment in retaliation for her claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

73. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## COUNT V
## RETALIATION (FLSA)
## AGAINST SANDY LOPEZ

74. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

75. This is an action against Defendant Sandy Lopez for retaliation based on Plaintiff's lawful opposition to her unlawful employment practices, specifically retaliation in response to Plaintiff's valid claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

76. Sandy Lopez unlawfully failed/refused to compensate Plaintiff for her overtime hours worked, in violation of 29 U.S.C. § 207(a).

77. As a result, Plaintiff demanded payment for her unpaid overtime wages.

78. Subsequently, in or around August 2018, Defendant unlawfully terminated Plaintiff's employment in retaliation for her claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

79. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

### COUNT VI
### RETALIATION (FLSA)
### AGAINST ENRIQUE LOPEZ

80. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-nine (29) above.

81. This is an action against Defendant Enrique Lopez for retaliation based on Plaintiff's lawful opposition to his unlawful employment practices, specifically retaliation in response to Plaintiff's valid claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

82. Enrique Lopez unlawfully failed/refused to compensate Plaintiff for her overtime hours worked, in violation of 29 U.S.C. § 207(a).

83. As a result, Plaintiff demanded payment for her unpaid overtime wages.

84. Subsequently, in or around August 2018, Defendant unlawfully terminated Plaintiff's employment in retaliation for her claim for overtime compensation, in violation of § 215(a)(3) of the FLSA.

85. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

86. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Xaren Lopez, respectfully requests that judgment be entered in her favor against Defendants Vida, Sandy Lopez, and Enrique Lopez, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage and retaliation provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the overtime wage and retaliation provisions of the FLSA;

(c) Awarding Plaintiff legal and equitable relief including, but not limited to, reinstatement, payment for lost and withheld compensation, and overtime wage compensation for all hours that she worked for Defendants over forty (40) hours per week, but for which she was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 19th day of July 2019.

                      By: /s/  Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road
Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Counsel for Plaintiff*